IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CARL WHIPPO PATTERSON,<br><br>Defendant/Movant. | Cause No. CR 07-33-BU-DWM<br>CV 12-73-BU-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

FILED JUL 25 2013
Clerk, U.S District Court
District Of Montana
Missoula

On October 22, 2012, Defendant/Movant Carl Patterson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He is a federal prisoner proceeding pro se.

On June 18, 2013, two of Patterson's claims were denied for lack of merit. As to his third, alleging that counsel was ineffective because he failed to move for a downward adjustment of the sentence under U.S.S.G. § 5G1.3(b), he was ordered to show why the claim should not be dismissed with prejudice as untimely. He responded on July 9, 2013.

Patterson states that he had "no legal help" after he was transferred to FCI

1

Terminal Island. Lack of assistance from another inmate is an ordinary rather than extraordinary circumstance. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Patterson does not say he has no access to a law library or other legal resources. Nor does he say when he was transferred to his current location, so the Court has no reason to believe any extraordinary circumstance that might temporarily have prevented him from filing on time persisted throughout most of the years that ran against him.

As for "the math," yes, the Court does understand the math. But motions are governed by law and by the facts of the individual case, not math. As previously explained, the law and the facts do not combine in a way that supports Patterson's position. As Patterson says, a court of law can only do what it does.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

2

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Patterson's claims meets even the relatively low standards for a certificate of appealability. The United States did not breach the plea agreement, because the plea agreement does not in any way address the matter of credit for time served in custody prior to federal sentencing. There is no reasonable probability that a reasonable person in Patterson's position would have proceeded to trial had he known he would not receive the credit he seeks; he would not have received the credit regardless of whether he was convicted at trial or on a guilty plea, and he identifies no realistic prospect of acquittal that he gave up when he pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Finally, his third claim, alleging that counsel was ineffective at sentencing for failing to move for an adjustment under U.S.S.G. § 5G1.3(b), is time-barred. Despite an opportunity to do so, he failed to allege facts sufficient to support an inference that an extraordinary circumstance stood in his way and prevented him from filing the claim. He also fails to rebut the Court's determination that the limitations period as to that claim commenced when his conviction became final, 28 U.S.C. § 2255(f)(1),

rather than when the Bureau of Prisons calculated his sentence, 28 U.S.C. § 2255(f)(4).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Patterson's third claim for relief is DENIED.

2. All claims having been denied, Patterson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 48) is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Patterson files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-73-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Patterson.

DATED this 25th day of July, 2013.

Donald W. Molloy
United States District Court